**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 29 2024

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GUADALUPE VILLANUEVA CARLOS; ADALID ORTIZ VILLANUEVA,<br><br>              Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No. 23-130<br><br>Agency Nos.<br>A215-870-825<br>A215-870-826<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2024**
Pasadena, California

Before: GRABER, IKUTA, and FORREST, Circuit Judges.

Petitioner Maria Guadalupe Villanueva Carlos,[1] a native and citizen of

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner's underlying application for relief lists her minor son as a derivative beneficiary. The son's application was based on the same experiences set forth in Petitioner's application, so our analysis applies to both petitioners.

Mexico, seeks review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) denial of relief from removal and declining to remand her case for further competency proceedings and procedural safeguards. We review the decisions of both the BIA and the IJ where, as here, the BIA adopts part of the IJ's reasoning. *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

*1.* ***Petitioner's Competency.*** We review the BIA's competency decision for abuse of discretion. *Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1182–83 (9th Cir. 2018). In immigration proceedings, petitioners are "presumed to be competent and, if there are no indicia of incompetency in a case, no further inquiry regarding competency is required." *Salgado v. Sessions*, 889 F.3d 982, 987 (9th Cir. 2018) (quoting *Matter of M-A-M-*, 25 I. & N. Dec. 474, 474 (B.I.A. 2011)). "Indicia of incompetency include 'the inability to understand and respond to questions, the inability to stay on topic, or a high level of distraction,' as well as 'evidence of mental illness.'" *Id.* (quoting *Matter of M-A-M-*, 25 I. & N. Dec. at 479).

Petitioner argues that the BIA erred by not remanding her case for further competency proceedings and procedural safeguards because she gave inconsistent and inaccurate testimony about her date of birth and her age when her son was born. We disagree. Following Petitioner's inaccurate testimony, the IJ asked her a series of questions to determine her competency and found that she was able to "understand

23-130

and respond to questions" and "stay on topic" and found no history of mental illness. These findings are supported by the record, and "no further inquiry regarding competency [was] required." *Id.* (quoting *Matter of M-A-M-*, 25 I. & N. Dec. at 474). In any event, the BIA stated that "assuming arguendo that the respondent was mentally incompetent, she was represented by an attorney at her removal hearing, which is the primary procedural safeguard against incompetency," so any abuse of discretion was harmless. *See id.* at 988 (noting procedural safeguards).

2. ***Adverse-Credibility Finding.*** Petitioner challenges the IJ's adverse credibility finding, even though the BIA assumed that Petitioner was credible and, on de novo review, denied relief on other grounds. We may review only the reasons on which the BIA relied; thus, the IJ's adverse-credibility finding is not before us. *See Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) ("When the BIA reviews the IJ's decision de novo, 'our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted.'" (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021))).

3. ***Petitioner's Claims for Relief.*** "[W]e review the agency's factual determinations for substantial evidence." *Zuniga v. Garland*, 86 F.4th 1236, 1239 (9th Cir. 2023).

First, substantial evidence supports the agency's conclusion that Petitioner did not suffer past persecution and could not establish a clear probability of future

persecution. Her encounters with El Diablo do not rise to the level of persecution because Petitioner was threatened and pushed once, but never seriously physically harmed. *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("The first, and often a significant consideration, is whether the petitioner was subject to significant physical violence, and, relatedly, whether [she] suffered serious injuries that required medical treatment." (internal quotation marks and citation omitted)); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (no past persecution where cartel members threatened to kill the respondent on two occasions, including once while armed); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone, however, constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997))).

Second, substantial evidence supports the agency's finding that Petitioner's proposed particular social groups—(1) single Mexican females without male protection; (2) Mexican women who refuse to be victims of sexual predation from cartel members; (3) minor females without government protection; (4) minor females without male protection; and (5) young women without male protection who

are seen as property—are not cognizable.[2] *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1199 (9th Cir. 2023) (stating particular-social-group standard). Petitioner contends that these proposed social groups are cognizable because gender and nationality are "immutable characteristic that cannot be changed" because, "[t]o the gang members, she believes she was socially distinct." But, to be cognizable, a particular social group must be socially distinct with the society, not "merely within a small gang." *Id.* at 1199–2000. The proposed social groups are amorphous and there is no evidence in the record that they are socially distinct. The existence of laws against domestic violence does not make women a socially distinct social group. Petitioner largely relies on her general status as a Mexican woman and fails to provide a sufficient level of particularity, an explanation of the precise social category she alleges she is a part of, or a legal analysis supporting the cognizability of that social category.

Finally, substantial evidence supports the agency's denial of relief under the Convention Against Torture. Petitioner failed to establish either that she would "more likely than not be tortured if removed" *or* that such torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a [Mexican] public official or other person acting in an official capacity." *Macedo Templos v. Wilkinson*,

---

[2]Petitioner did not raise imputed political opinion before the BIA, and so has failed to exhaust this argument. *See Umana Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

987 F.3d 877, 883 (9th Cir. 2021) (alteration in original) (citation omitted); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). A government's general ineffectiveness in investigating and preventing crime does not suffice to show acquiescence to torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**